IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS-SONOMA INC.,

    Plaintiff,

v.

FRIENDFINDER INC., et al.,

    Defendants.

No. C 06-06572 JSW

**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    Now before the Court is Plaintiff Williams-Sonoma Inc.'s ("WSI") *ex parte* application for a temporary restraining order ("TRO") against Defendants Online Marketing Services, Ltd. Unimaster, Ltd., YetisCash, Ales Lexico, Domain Name Systems, Inc., Moniker Privacy Services, Inc., AWM Domains, Ltd., Alex Lexico, Ford Jeske, Andrej Korchev, Vladimir Tech, Dorothy Simpson, and Umesh Chandra Rastogi (collectively "Defendants").[1] To date, Defendants have not filed any opposition.[2] Having carefully considered WSI's application, the

---

[1] In addition to the named Defendants, WSI seeks a TRO against AWM Domains, Ltd and Umesh Chandra Rastogi. WSI asserts that AWM Domains and Rastogi will be substituted in for currently named Doe Defendants. In considering WSI's request for a TRO, the Court is mindful of the fact that a number of the Defendants, including AWM Domains and Rastogi, appear to be foreign nationals or entities and that WSI has alleged that the Court has personal jurisdiction over the foreign Defendants solely on information and belief. (*See* Complaint, ¶ 3a-p.)

[2] According to the proofs of service filed by WSI, it sent a copy of the complaint, and all pleadings relating to this TRO to AWM Domains and Rastogi via Federal Express and email on November 6, 2006. It also sent a copy of all pleadings relating to the TRO to the remaining defendants via federal express and/or email on November 6, 2006. (Docket No. 11.) WSI also attests that it sent, via email, copies of the complaint and the memorandum in support of the TRO to AWM Domains and Rastogi and copies of the notice, memorandum in support of the TRO, and the proposed order to the remaining defendants on November 3, 2006. (Docket No. 10; *see also* WSI's Mem. at 5-8; Declaration of Timothy R. Cahn ("Cahn Decl."), ¶¶ 11-17, Exs. I, J.)

Court finds this application suitable for disposition without oral argument pursuant to Civil Local Rule 7-6.

To prevail on a motion for temporary restraining order or to receive preliminary injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in favor of the moving party. *Stahlbarg International Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839-840 (9th Cir. 2001). These alternative standards are "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (citing *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)).

In this case, WSI alleges, *inter alia*, that the defendants have infringed its federally registered trademarks and have diluted those trademarks. Although WSI asserts several causes of action against the Defendants, WSI bases its request for a temporary restraining order on its infringement and dilution claims. In brief, WSI seeks a TRO to enjoin the Defendants from using variants of its POTTERY BARN family of marks in source code and metatags, which are used to direct internet users to the Defendants' sexually explicit websites. WSI also seeks to prevent the use of the term "Potterybarnteen" on certain of those websites. (*See, e.g.,* Cahn Decl., Ex A.) Although Defendants have apparently used the term "potterybarnteen" in conjunction with their websites, WSI owns the domain name "potterybarnteen.com." Further, use of that domain name will direct an internet user to WSI's "PBTeen" website.

As part of its application for a TRO, WSI asks that the Court prohibit the defendants from transferring their domain names. In support of this latter request, WSI relies on the declaration of Timothy Cahn, who attests that in his "years of experience handling over one hundred trademark enforcement matters involving the internet, including matters for WSI, I

2

have learned that a common tactic of defendant registrants in such matters is to seek to avoid responsibility by transferring the domain name during the pendency of the dispute." (Cahn Decl., ¶ 19.) WSI proffers no evidence, however, that in response to the filing of the Complaint, the Defendants in this case have taken steps to transfer the domain names or that these specific Defendants are likely to do so in the future.

The Court finds that WSI fails to make an adequate showing, supported by admissible evidence, of immediate irreparable harm necessitating the issuance of a TRO and further has failed to demonstrate the need to preserve the status quo pending final resolution its motion preliminary injunction. *See* Fed. R. Civ. P. 65(b). Indeed, the majority of the cases on which WSI relies in support of its request for a TRO, are cases addressing motions for preliminary injunctions or are cases where the defendant has used the plaintiff's mark as part of a domain name, which has led to infringement or dilution of the plaintiff's mark. *See, e.g., Ford Motor Co. v. Lapertosa*, 126 F. Supp. 2d 463 (E.D. Mich. 2001) (on motion for preliminary injunction, enjoining use of domain name where defendant used plaintiff's mark in its domain name "fordrecalls.com"); *Hotmail Corp. v. Van$Money Pie Inc.*, 47 U.S.P.Q.2d 1020 (N.D. Cal. 1998) (motion for preliminary injunction); *Toys "R" Us Inc. v. Akkaoui*, 40 U.S.P.Q.2d 1836 (N.D. Cal. 1996) (defendants used variant of plaintiff's mark in domain name – "adultsrus.com" – for sexually explicit website).

Accordingly, WSI's application is DENIED. This ruling, however, is without prejudice to filing a renewed application for a temporary restraining order if circumstances change and also is without prejudice to WSI reasserting these arguments in a properly noticed motion for a preliminary injunction. WSI is directed to serve a copy of this Order on Defendants and to file a proof of such service by no later than November 8, 2006.

**IT IS SO ORDERED.**

Dated: November 7, 2006

SUSAN ILLSTON FOR
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE