IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS-SONOMA INC., | |
| Plaintiff, | No. C 06-06572 JSW |
| v. | **ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION TO AUTHORIZE ELECTRONIC MAIL SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)** |
| FRIENDFINDER INC., et al. | |
| Defendants. | |

This matter comes before the Court upon consideration of the motion to authorize electronic mail service under Federal Rule of Civil Procedure 4(f)(3) filed by Plaintiff Williams-Sonoma Inc.'s ("WSI"). None of the defendants have filed briefs in opposition to WSI's motion. On April 4, 2007, the Court requested additional briefing from WSI, which was filed on April 13, 2007. Having considered WSI's pleadings, the lack of opposition, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and HEREBY VACATES the hearing set for April 20, 2007. The case management conference shall remain on calendar on April 20, 2007 at 1:30 p.m.

**BACKGROUND**

On October 20, 2006, WSI filed this action alleging, *inter alia*, the named defendants for trademark infringement. WSI filed its Amended Complaint on January 5, 2007. In its Amended Complaint, WSI seeks relief to prevent the named defendants from using variants of its

1  POTTERY BARN family of marks in source code and metatags, which are used to direct
2  internet users to sexually explicit websites.  WSI alleges that the named defendants, many of
3  whom are foreign, are the registered owners of these websites.  WSI attests that it has attempted
4  to effect service on the named defendants but has been unable to do so, in some instances
5  because physical addresses are incorrect or because the defendants have refused to accept
6  service.  (*See* Declaration of Timothy Cahn, ¶¶ 3-11.)  WSI maintains, however, that with the
7  exception of one defendant, it has been able to communicate effectively with defendants via
8  electronic mail.  Accordingly, WSI moves the Court to permit it to effect service on defendants
9  via electronic mail or by international mail.

## ANALYSIS

"Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals."  *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  Rule 4(f), in turn, sets forth the manner in which a plaintiff may effect service on an individual not within any judicial district of the United States.  Rule 4(f)(3) provides that service may be effected "by other means not prohibited by international agreement as directed by the court."

Under the plain language of Rule 4(f)(3), a plaintiff must show that the "other means" is not prohibited by international agreement and must obtain a court order to effectuate service in the desired fashion.  *See Rio Properties,* 284 F.3d at 1014; *Nanya Techn. Corp. v. Fujitsu Ltd.*, 2007 U.S. Dist. LEXIS 5754 at *17 (D. Guam. Jan. 2, 2007) (granting motion to effect service by email and international mail on Japanese defendant).  In addition, the method of service authorized by the Court "must also comport with constitutional notions of due process."  *Rio Properties*, 284 F.3d at 1016.  In *Rio Properties*, the Ninth Circuit also stated that as long as service under Rule 4(f)(3) is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."  *Id.* at 1014.

Although, the Ninth Circuit also has stated a plaintiff must obtain court approval *before* attempting to effect service Rule 4(f)(3) before service will be considered effective, a plaintiff is

not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2). *See Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (finding plaintiff did not effect service properly where they failed to obtain court approval prior to serving via mail); *Rio Properties*, 284 F.3d at 1016.

In this case, the Court concludes that the circumstances warrant alternative service. WSI has presented evidence that physical addresses for a number of the named defendants cannot be located or that defendants have refused to accept service. WSI also has established that the email accounts they have for defendants have been effective means of communicating with the defendants, which would serve the purposes of ensuring the defendants receive adequate notice of this action and an opportunity to be heard. *See Rio Properties*, 284 F.3d at 1016-17 (finding that service via electronic mail was "method most likely to reach" defendant and concluding district court did not abuse discretion in authorizing service via email).

According to the information WSI has gathered, the named defendants are located in the Ukraine, the Czech Republic, Israel, Switzerland, the Philippines, Norway, Canada, India and England.[1] With the exception of India and the Philippines, these countries are signatories to the Hague Convention. (*See* Cahn Decl. ¶ 12, Ex. A.) The Court concludes that WSI has demonstrated that service via email is not prohibited by an international agreement. In *Rio Properties*, the Ninth Circuit stated that "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties*, 284 F.3d at 1014. Plaintiff's supplemental briefing did not uncover any express prohibitions against email service. Accordingly, WSI's motion is GRANTED to the extent it seeks to effectuate service via email.

However, with respect to WSI's request to permit service by international mail, the Czech Republic, Norway, Switzerland and the Ukraine do object to service via postal channels.

---

[1] WSI attests that with respect to defendant Privacy Protect, Inc., which has a physical address located at 14781 Memorial Drive, Houston, Texas, that defendant claims to be a Belize company operating out of India. (*Id.* ¶ 7.) It is not clear to the Court whether WSI is asking for Court relief at this time as to this defendant, and to that extent the Court DENIES WITHOUT PREJUDICE WSI's motion. If additional information is gathered, WSI may renew the motion, so that the Court may determine if electronic service or service by another method would be reasonably calculated to apprise this defendant of the pendency of this action.

3

As such, to the extent WSI seeks authorization to effect service on defendants located in those countries by mail, WSI's motion is DENIED.

Accordingly, WSI's motion is GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART.

IT IS HEREBY ORDERED THAT WSI IS GRANTED LEAVE TO serve the amended complaint and summons on the following defendants in the manner specified herein:

1. Defendants Unimaster Ltd. and Andrej Korchev at sysgen@porn-host.org;

2. Defendants YetisCash, Ales Lexico, and Vladimir Techl at lexico@yetisagency.com and ladis.oz@centrum.cz;

3. Defendant David Greenwald at David.Greenwald@fatbares.com;

4. Defendant Sweethelda Ballesteros via international registered mail to "Socsargen County Hospital, Bula-lagao Rd., Larrdaza St., General Santos, General Santos, 9500, Philippines;

5. Defendant Stein Tvedt at pornserve@hotmail.com;

6. Defendant Eddie Morgan at eddiemorgan@hotmail.com and via international registered mail to Post Office Box 956, Goosebay AOP 1CO, Canada; and

7. Defendant On Line Marketing Service at webmaster@onlinemarketingservices.biz and via international registered mail to 196 High Road, Wood Green, London N22 8HH, United Kingdom; and

8. Defendant Umesh Chandra Rastogi at jekkippost@yahoo.com.

The Court will also grant WSI leave to serve Defendant Andre Schneider via email, but it must provide the Court with a proposed Order setting forth Defendant's email address by no later than April 27, 2007.

//
//
//

4

It is FURTHER ORDERED that the Court is not ratifying actions already taken by WSI. WSI must re-serve the amended complaint and summons on the defendants identified above.

**IT IS SO ORDERED.**

Dated: April 17, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5