IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS-SONOMA, INC.,

    Plaintiff,

v.

ONLINE MARKETING SERVICES, LTD., et al.

    Defendants.

No. C 06-06572 JSW

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ENTRY OF INJUNCTION**

This matter comes before the Court upon consideration of the Report and Recommendation issued by Magistrate Judge James regarding the motion for default judgment filed by Plaintiff Williams-Sonoma, Inc. ("WSI").[1] On January 4, 2008, the Court ordered supplemental briefing on the issue of personal jurisdiction. Having considered that briefing, the Report, and the record in this case, the Court finds the Report correct, well-reasoned and thorough, and adopts it in almost every respect. Although the Court concurs with the conclusion that personal jurisdiction exists over the Defaulting Defendants, it does so for different reasons, which the Court sets forth herein.

WSI contends the Court can exercise specific jurisdiction over the Defaulting Defendants. The Report sets forth the correct test, and the Court concurs with the Magistrate Judge's reasoning as to the second and third prongs of this test. The Court disagrees with the Magistrate Judge's analysis of the purposeful availment prong because, contrary to the findings

---

[1] It appears from the record that WSI served some of the Defendants with its motion *after* the Report and Recommendation was issued on December 6, 2007. Notwithstanding that fact, the Court has not received objections from any Defendants.

of the Report, Mr. Cahn's declaration does not establish that "the Defaulting Defendants engaged in business with California consumers who accessed adult images and videos, and paid Defendants for them through linked credit card processing sites." (Report at 6:5-8, citing Declaration of Timothy Cahn ("Cahn Decl.") ¶¶ 3-7.) Rather, Mr. Cahn's Declaration establishes that it would be possible for California residents to do so. The Court concludes this factual discrepancy does not preclude a finding of personal jurisdiction.[2]

With respect to Defaulting Defendants Online Marketing Services, Ltd. ("OMS), Unimaster, Korchev, YetisCash, Techl, Lexico, Ballesteros, and Tevdt[3] Mr. Cahn's declaration establishes that the websites they host are, for all intents and purposes, "active," in that they enable consumers to purchase and pay for pornographic images and movies. (Cahn Decl., ¶¶ 3-6. Although there is every indication that a majority of the Defaulting Defendants host highly commercial websites, given the lack of actual transactions with California consumers, the Court is reluctant to base its finding of jurisdiction solely on the fact that these websites could qualify as "active." *See, e.g., Tech Heads, Inc. v. Desktop Serv. Center, Inc.*, 105 F. Supp. 2d 1142, 1149 (D. Or. 2000). It is clear, however, that the websites are not merely "passive." *See, e.g., Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (concluding that specific jurisdiction did not exist where defendant held "non-interactive passive website" using plaintiff's trademark).

In addition to the commercial nature of most of the websites, Mr. Cahn's declaration establishes that, with the exception of Defendants Tvedt and Ballesteros, these Defaulting Defendant entered into agreements with California companies. Although Defendant Morgan's

---

[2] In light of the Defendants' absence, the Court concludes WSI need only make a prima facie showing that personal jurisdiction exists. *See, e.g., Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005); *Data Disc, Inc. v. System Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1987) (noting that while a plaintiff bears the burden of establishing that personal jurisdiction exists, "quantum of proof required to meet that burden may vary, depending upon the nature of the proceeding and the type of evidence which the plaintiff is permitted to present").

[3] OMS owns, operates, and hosts a variety of websites with the extension "filthserver.com." Unimaster and Korchev owned, operated and managed a variety of websites with the extension "just-a-porn.com." YetisCash, Techl, and Lexico, owned, operated, and managed a variety of websites with the extension "sexcountry.net."

2

website is characterized as more passive in nature, Morgan also contracted with a California company. For example, OMS registered its domain name with Online NIC, a San Francisco based company. Further, OMS, Unimaster, Korchev, YetisCash, Techl, Lexico, and Morgan appear to have been affiliated with former defendant Friend Finder, Inc., and these Defendants used WSI's marks to direct traffic to Friend Finder and were paid for such services. (Cahn Decl. ¶¶ 3-5.) The Court finds that these contacts, in conjunction with the operation of the websites, is sufficient to establish specific jurisdiction.

Furthermore, the Court also concludes that WSI has established personal jurisdiction over the above Defaulting Defendants, as well as Defaulting Defendants Tvedt, Ballesteros and Morgan, using the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984). Under that test, the purposeful availment prong can "be satisfied if the defendant is alleged to have (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm, the brunt of which is suffered – and which the defendant knows is likely to be suffered - in the forum state." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1131 (9th Cir. 2003) (citing *Core-Vent Corp. v. Nobel Industries, AB*, 11 F.3d 1482, 1486 (9th Cir. 1993)). As the Ninth Circuit has stated, however, a plaintiff must establish "something more" than foreseeable effects in the forum arising from foreign acts. *See Caddy,* 453 F.3d at 1159-59; *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). The *Bancroft & Masters* court thus determined that a plaintiff must show that a defendant "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*

Here, WSI alleges that the Defaulting Defendants infringed its trademarks, thus showing the Defendants committed an intentional act. Further, by either contracting with Friend Finder and using WSI's trademarks to direct customers both to their own sites or to Friend Finder, the Court concludes that there is sufficient evidence to show the Defaulting Defendants targeted WSI, which has its principal place of business in California, and that the Defaulting Defendants' contacts with California were not merely fortuitous. Further, WSI has established that it has suffered harm as a result of the Defaulting Defendants' actions.

3

For these reasons, the Court concludes that Plaintiff have established personal jurisdiction over the Defaulting Defendants.

Accordingly, it is HEREBY ORDERED that:

1. WSI's motion for default judgment is GRANTED, and judgment shall be entered for WSI and against Defaulting Defendants Online Marketing Services, Ltd., Unimaster, Ltd., Andrej Korchev, YetisCash, Ales Lexico, Vladimir Techl, Sweethelda Ballesteros, Stein Tvedt, and Eddie Morgan.

2. Defaulting Defendants, their agents, employees, successors, and all persons acting in concert with them who receive notice of this Order, are permanently enjoined from infringing or diluting in an manner WSI's POTTERY BARN family of marks. They are permanently enjoined from any commercial use of the marks POTTERY BARN®, pottery barn kids®, PBteen®, P.B.Kids®, or any colorable imitation or variations of these marks.

3. Defaulting Defendants shall provide an accounting of their profits related to their infringement of the POTTERY BARN trademarks, for the purpose of awarding WSI monetary damages based on Defendants' profits. To facilitate accounting of profits, each Defaulting Defendant shall produce documents substantiating their revenues and relevant costs from their operation of the following domain names: <www.filthserver.com>, <www.onlinemarketingservices.biz>, <www.slutty-teens.net>, <www.just-a-porn.com>, and <www.sexcountry.net>. Further, each Defaulting Defendant shall produce records of payments by Adult Friend Finder, or other web site businesses, for web traffic directed from the aforementioned web sites that unlawfully used WSI's marks. Defaulting Defendants shall produce records covering the entire period of their use of the POTTERY BARN trademarks, including the months of September 2006 through June 30, 2007. Defaulting Defendants shall produce such financial statements or records within 60 days of the entry of this Order.

4. Defaulting Defendants, their agents, employees, successors, and all persons acting in concert with them who receive notice of this Order, are enjoined temporarily from selling, assigning, encumbering, or transferring in any manner the domain names that Defaulting Defendants used to infringe and/or dilute WSI's trademarks as alleged in the First

Amended Complaint, including the following domain names: <www.filthserver.com>, <www.onlinemarketingservices.biz>, <www.slutty-teens.net>, <www.just-a-porn.com>, and <www.sexcountry.net>. Notice of this Order shall be delivered to the relevant domain name registries, registrars, and other authorities with control over the disposition of these domain names. This temporary injunction shall expire as to each domain name upon the respective Defaulting Defendants' full compliance with this Court's Order, accounting of profits, and satisfaction of the final relief ordered by the Court or joint stipulation by the parties of settlement of dispute and dismissal.

5. WSI shall recover as damages from the Defaulting Defendants, jointly and severally, its reasonable attorneys' fees and costs. WSI shall submit a supplemental submission detailing the amount of attorneys' fees and costs they have expended by no later than March 21, 2008.

The Court shall reserve entering Judgment pending submission of WSI's attorneys' fees and costs and pending completion of the accounting.

**IT IS SO ORDERED.**

Dated: March 4, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE